**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| VERSO CORPORATION, *et al.*,[1] | : | Case No. 16-10163 (KG) |
|  | : |  |
| Debtors. | : | Joint Administration Requested |
|  | : |  |
|  | : | **Objection Deadline: 2/10/16 at 4:00 p.m. (EST)** |
|  | : | **Hearing Date: TBD** |

------------------------------------------------------------x

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING DEBTORS TO FILE FEE LETTERS RELATED TO
PROPOSED POSTPETITION FINANCING FACILITIES UNDER SEAL**

Verso Corporation ("**Verso**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") respectfully request entry of an order authorizing but not directing the Debtors to file the Fee Letters (as defined below) under seal. In support of this motion, the Debtors rely on and incorporate by reference *Allen J. Campbell's Declaration in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 20] (the "**Campbell Declaration**") and *Steve M. Zelin's Declaration in Support of the DIP Financing Motions* [Docket No. 50] (the "**Zelin Declaration**"). In further support of the motion, the Debtors, by and through their undersigned counsel, respectfully represent:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Verso Corporation (7389); Verso Paper Finance Holdings One LLC (7854); Verso Paper Finance Holdings LLC (7395); Verso Paper Holdings LLC (7634); Verso Paper Finance Holdings Inc. (7851); Verso Paper Inc. (7640); Verso Paper LLC (7399); nexTier Solutions Corporation (1108); Verso Androscoggin LLC (7400); Verso Quinnesec REP Holding Inc. (2864); Verso Maine Energy LLC (7446); Verso Quinnesec LLC (7404); Bucksport Leasing LLC (5464); Verso Sartell LLC (7406); Verso Fiber Farm LLC (7398); NewPage Holdings Inc. (5118); NewPage Investment Company LLC (5118); NewPage Corporation (6156); NewPage Consolidated Papers Inc. (8330); Escanaba Paper Company (5598); Luke Paper Company (6265); Rumford Paper Company (0427); Wickliffe Paper Company LLC (8293); Upland Resources, Inc. (2996); NewPage Energy Services LLC (1838); Chillicothe Paper Inc. (6154); and NewPage Wisconsin System Inc. (3332). The address of the Debtors' corporate headquarters is 6775 Lenox Center Court, Suite 400, Memphis, Tennessee 38115-4436.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this motion under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).[2]

## BACKGROUND

2.      On January 26, 2016 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to manage and operate their business as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors are the leading North American producer of coated papers, including printing papers and specialty papers, as well as a producer of high-quality market pulp. The Debtors' printing papers are designed primarily for commercial printing, media, and marketing applications, including magazines, catalogs, books, direct mail, and retail inserts.  The Debtors' specialty papers are used primarily for product labels, flexible packaging, and technical paper applications.  Headquartered in Memphis, Tennessee, the Debtors own eight U.S. manufacturing facilities in six states: Kentucky, Maine, Maryland, Michigan, Minnesota, and Wisconsin. For the first three quarters of 2015, the Debtors' gross revenue was approximately $2.4 billion.

4.      The Debtors' current corporate form came into being through Verso's acquisition of NewPage Holdings Inc. and certain of its affiliates, including NewPage

---

[2] Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors hereby expressly confirm their consent to the entry of a final order by this Court in connection with this motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

Corporation (collectively, "**NewPage**") on January 7, 2015.   Verso acquired NewPage to establish a larger scale, more efficient enterprise, well-positioned to compete long-term in the challenging paper market.   Since the acquisition, the Debtors have made a sustained effort to integrate legacy Verso's and legacy NewPage's operations, which has allowed them to realize the benefits of their larger scale and complementary operations.   Today, the Debtors operate as one fully integrated business, which has an aggregate total annual production capacity of approximately 3,440 thousand tons of paper and 290 thousand tons of pulp, and serves a client base of over 300 customers that reaches more than 1,700 end user accounts.

5.      Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases and the Debtors' goals for these cases, is set forth in the Campbell Declaration.

## RELIEF REQUESTED

6.      By this motion, pursuant to sections 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to file the Fee Letters (defined below) under seal.

## BASIS FOR RELIEF REQUESTED

## I.    FACTS SPECIFIC TO RELIEF REQUESTED

7.      Contemporaneously herewith, the Debtors have filed the DIP Financing Motions[3] seeking authority to obtain postpetition financing (the "**DIP Facilities**") from the DIP

---

[3] As used herein, the term "**DIP Financing Motions**" include the *Debtors' Motion for Orders (I) Authorizing Verso Debtors (A) to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507(b) and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* [Docket No. 48] (the "**Verso DIP**

Agents[4] and the DIP Lenders[5] in accordance with the terms, and subject to the conditions of, the DIP Credit Agreements,[6] and the interim and final orders with respect to each DIP Financing Motion.

8.      In connection with the DIP Facility for the Verso Debtors, prior to the Petition Date the Verso Debtors entered into a commitment letter which contained an annex (the "**Verso Fee Annex**") setting forth certain nonrefundable fees and/or amounts to be paid to Citigroup Global Markets Inc. as arranger for the Verso Debtors' DIP Facility and to Citibank, N.A. as an administrative agent, which administrative agent fees are reflected in the form of Administrative Agent Agreement (the "**Verso DIP Agent Agreement**") that will be executed once the Court approves the Verso DIP Motion.

9.      In connection with the proposed DIP Facilities for the for the New Page Debtors, prior to the Petition Date, the New Page Debtors entered into the following agreements:

(i)    Amended & Restated Engagement Letter, dated January 25, 2016, by and between Barclays Bank PLC ("**Barclays**") and NewPage relating to Revolving DIP Facility and Term DIP Facility (the "**New Page Engagement Letter**");

---

**Motion**") and the *Debtors' Motion for Orders (I) Authorizing NewPage Debtors (A) to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507(b) and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* [Docket No. 49] (the "**NewPage DIP Motion**").  Capitalized terms used but not defined in this motion have the meanings used in the DIP Financing Motions.

[4] As stated in the NewPage DIP Motion, Barclays Bank PLC (as Administrative Agent and Collateral Agent) and BMO Harris Bank, N.A., as Co-Collateral Agent (collectively, the "**Revolving DIP Facility Agent**") act as agent under the Revolving DIP Facility and Barclays Bank PLC (as Administrative Agent and Collateral Agent) (the "**Term DIP Facility Agent**", and with the Revolving DIP Facility Agent, the "**NewPage DIP Agents**") acts as agent under the Term DIP Facility.  Similarly, as stated in the Verso DIP Motion, Citibank, N.A. (the "**Verso DIP Agent**," and with the NewPage DIP Agents, collectively the "**DIP Agents**") acts as the agent under the DIP Facility.

[5] As used herein, the term "**DIP Lenders**" includes: (i) the DIP Lenders (as defined in the Verso DIP Motion), (ii) the Revolving DIP Lenders (as defined in the NewPage DIP Motion) and (iii) the Term DIP Lenders (as defined in the NewPage DIP Motion).

[6] As used herein, the term "**DIP Credit Agreements**" includes: (i) the DIP Credit Agreement (as defined in the Verso DIP Motion), (ii) the Revolving DIP Credit Agreement (as defined in the NewPage DIP Motion) and (iii) the Term DIP Credit Agreement (as defined in the NewPage DIP Motion).

(ii)  Side Letter Regarding Engagement Letter between Barclays, BMO Capital Markets Corp. and BMO Harris Bank, N.A. ("**BMO Harris**") and NewPage relating to Revolving DIP Facility (the "**BMO Side Letter**"); and

(iii)  Agency Fee Letter between Barclays, BMO Harris Bank, N.A. and NewPage relating to Revolving DIP Facility (collectively, with the Verso Fee Annex, the Verso DIP Agent Agreement, the New Page Engagement Letter and the BMO Side Letter, the "**Fee Letters**").

10.    Due to the sensitive and confidential nature of the contents of the Fee Letters, the DIP Agents and DIP Lenders have required that the Fee Letters not be disclosed publicly, but have consented to the Debtors' provision of the Fee Letters on a confidential basis to the United States Trustee for the District of Delaware (the "**U.S. Trustee**") and counsel to the agents under the Debtors' prepetition secured financing  and on a professional eyes only basis to any official committee of unsecured creditors appointed in the above-captioned chapter 11 cases, and the filing of the Fee Letters under seal.

## II.    LEGAL BASIS FOR RELIEF REQUESTED

11.    Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, the Court may authorize the Debtors to file the Fee Letters under seal. Pursuant to section 105(a) of the Bankruptcy Code, bankruptcy courts have the inherent equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  In addition, section 107(b) gives bankruptcy courts the power to protect parties in interest from potentially harmful disclosures:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

RLF1 13744172v.3

> (2) protect a person with respect to scandalous
> or defamatory matter contained in a paper filed
> in a case under this title.

11 U.S.C. § 107(b).

12.     Bankruptcy Rule 9018 sets forth the procedure by which a party in interest

may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule

9018 provides, in relevant part:

> On any motion or its own initiative, with or without notice, the
> court may make any order which justice requires (1) to protect the
> estate or any entity in respect of a trade secret or other confidential
> research, development or commercial information . . . .

Fed. R. Bankr. P. 9018.

13.     Once the court determines that a party in interest is seeking protection of

information that falls within one of the categories enumerated in section 107(b) of the

Bankruptcy Code, "the court is required to protect a requesting interested party and has no

discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re

Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).  Courts have held that protection under

section 107(b) must be granted if the information sought to be protected is commercial

information, and significantly, that commercial information need not rise to the level of a trade

secret to be entitled to protection. *Id.* at 28 (finding that the use of the disjunctive in section

107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to

reflect the same level of confidentiality as the former").  Further, in contrast with Rule 26(c) of

the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an

entity seeking such protection to demonstrate "good cause."  *Orion Pictures Corp.,* 21 F.3d at

28.  Nor does it require a finding of "extraordinary circumstances or compelling need."  *Id.* at 27.

14.     Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Id.* at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once it is established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *See Global Crossing*, 295 B.R. at 725.

15.     Sufficient cause exists here for the Court to grant the relief requested. The Fee Letters contain commercially sensitive information that merits protection under section 107(b)(1) of the Bankruptcy Code. For example, the Fee Letters, which were negotiated at arm's length between the Debtors, DIP Agents and DIP Lenders, contain information about the methodologies for calculating fees with respect to the proposed DIP Facilities that are critically sensitive and should remain confidential. The DIP Agents' and DIP Lenders' ability to maintain the confidentiality of this pricing methodology is paramount to its ability to provide postpetition financing to these and other chapter 11 debtors.

16.     As is customary in the finance industry, the DIP Agents and DIP Lenders treat this information as highly sensitive and confidential. Such information is rarely disclosed to the public or made available to competitor financial institutions. Given the intense competition in the investment banking and lending industries, disclosure of the Fee Letters could heavily constrain the ability of the DIP Agents, the DIP Lenders and their affiliates to negotiate their fees in future transactions, putting them at a strategic disadvantage relative to their competitors and causing them commercial injury. Further, because debtor-in-possession

financings are only a small fraction of all syndicated financings arranged by the DIP Agents and the DIP Lenders, requiring them to disclose certain information concerning their fees in this context but not in others could have a "chilling effect" discouraging them and other competitor institutions from providing debtor-in-possession financings on terms favorable to debtors.

17.    In addition, disclosure of the Fee Letters would violate the Debtors' agreements with the DIP Agents, setting a discouraging precedent for the Debtors' other potential creditors and trade partners.  The Debtors believe that it is critical, especially at the outset of their chapter 11 cases, that they be able to assure their contractual counterparties that the confidential terms of their contracts will not face disclosure, so as not to further discourage such parties from contracting with the Debtors.

18.    Based on the foregoing, absent protection of this information, the DIP Agents and DIP Lenders would be placed at a competitive disadvantage, and the Debtors' ability to obtain postpetition financing from the DIP Agents and DIP Lenders could be undermined. Accordingly, maintaining the confidentiality of the highly-sensitive commercial information set forth in the Fee Letters enables the DIP Agents and DIP Lenders to remain competitive and willing to extend postpetition financing to these and other chapter 11 debtors.

19.    Finally, the relief requested in this Motion is similar to relief granted in recent chapter 11 cases in this and other districts. *See, e.g.*, *In re Alpha Natural Res., Inc.*, Case No. 15-33896 (KRH) (Bankr. E.D. Va. Sept. 17, 2015) (authorizing debtors to file fee letter agreements with proposed debtor in possession lenders under seal); *In re Patriot Coal Corp.*, Case No. 12-12900 (SCC) (Bankr. S.D.N.Y. July 16, 2012) (same); *In re The Great Atl. & Pac. Tea Co.*, Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Jan. 18, 2012) (authorizing debtors to file unredacted fee letter agreements under seal); *In re Nebraska Book Co.*, Case No. 11-12005

(PJW) (Bankr. D. Del. June 28, 2011) [Docket No. 58] (authorizing the debtors to file under seal DIP agreement fee letters but requiring disclosure of the aggregate fees and expenses); *In re NewPage Corp.*, Case No. 11-12804 (KG) (Bankr. D. Del. Sept. 8, 2011) [Docket No. 78] (authorizing debtors to file Letter Agreements with proposed debtor-in-possession lenders under seal); *In re Smurfit-Stone Container Corp.*, Case No. 09-10235 (BLS) (Bankr. D. Del. Feb. 14, 2010) [Docket No. 4139] (authorizing debtors to file under seal fee letter relating to exit term loan facility); *In re Champion Enterprises, Inc.*, Case No. 09-14019 (KG) (Bankr. D. Del. Nov. 17, 2009) [Docket No. 51] (authorizing the filing under seal of letters regarding engagement and fees of lenders relating to DIP financing); *In re Adelphia Communications Corp.*, Case No. 02-41729 (Bankr. S.D.N.Y. Mar. 24, 2004) [Docket No. 4260] (authorizing debtors to file a fee letter under seal in connection with debtors' motion for approval of an exit financing arrangement); *see also In re Coach Am Group Holdings Corp.*, Case No. 12-10010 (Bankr. D. Del. Jan. 5, 2012) [Docket No. 59] (authorizing, over the U.S. Trustee's objection, debtors to file under seal the Letter Agreements underlying the proposed debtor-in-possession financing); *In re LandSource Communities Dev. LLC*, Case No. 08-11111 (Bankr. D. Del. Jul. 21, 2008) [Docket No. 306] (authorizing debtors to keep confidential the fee letter underlying proposed debtor-in-possession financing under Bankruptcy Rule 9018); *In re WCI Communities, Inc.*, Case No. 08-11643 (Bankr. D. Del. Sept. 23, 2008) [Docket No. 411] (authorizing, over the U.S. Trustee's objection, the debtors to file under seal the fee letter underlying the proposed debtor-in-possession financing facility).

20.     For these reasons, the Debtors respectfully request the Court to permit the Debtors to file the Fee Letters under seal.

## NOTICE

21.     The Debtors will provide notice of this motion by facsimile, e-mail, overnight delivery, or hand delivery to: (i) the U.S. Trustee; (ii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iii) Ropes & Gray LLP as counsel to the Steering Committee of NewPage Term Loans; (iv) Milbank, Tweed, Hadley & McCloy LLP as counsel to the Informal Committee of Holders of Verso First Lien Debt; (v) all agents and trustees under the Debtors' prepetition debt instruments; (vi) Skadden, Arps, Slate, Meagher & Flom LLP as counsel to Barclays Bank PLC as administrative agent and collateral agent under the Debtors' proposed postpetition secured debtor in possession financing; (vii) Davis Polk & Wardwell LLP as counsel to Citibank, N.A. as administrative agent and collateral agent under the Debtors' proposed postpetition secured debtor in possession financing; (viii) the Internal Revenue Service; (ix) the Securities and Exchange Commission; and (x) the Pension Benefit Guaranty Corporation. Following the hearing, a copy of this motion and any order entered with respect to it will be served on the foregoing parties and all parties having filed requests for notice in these chapter 11 cases. A copy of the motion is also available on the Debtors' case website at https://cases.primeclerk.com/verso.

## NO PRIOR MOTION

22.     The Debtors have not made any prior motion for the relief sought in this motion to this Court or any other.

The Debtors respectfully request entry of an order, substantially in the form attached as <u>Exhibit A</u>, granting the relief requested herein and such other and further relief as is just and proper.

Dated:    January 27, 2016
          Wilmington, Delaware

                                        */s/ Joseph C. Barsalona II*
                                        **RICHARDS, LAYTON & FINGER, P.A.**
                                        Mark D. Collins (No. 2981)
                                        Michael J. Merchant (No. 3854)
                                        Amanda R. Steele (No. 5530)
                                        Joseph C. Barsalona II (No. 6102)
                                        One Rodney Square
                                        920 North King Street
                                        Wilmington, Delaware 19801
                                        Telephone: (302) 651-7700
                                        Facsimile: (302) 651-7701

                                        - and -

                                        **O'MELVENY & MYERS LLP**
                                        George A. Davis (*pro hac vice* admission pending)
                                        Peter Friedman (*pro hac vice* admission pending)
                                        Andrew M. Parlen (*pro hac vice* admission pending)
                                        Diana M. Perez (*pro hac vice* admission pending)
                                        Times Square Tower
                                        Seven Times Square
                                        New York, New York 10036
                                        Telephone: (212) 326-2000
                                        Facsimile: (212) 326-2061

                                        *Proposed Attorneys for the*
                                        *Debtors and Debtors in Possession*